# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00744-CV

**Catherine Powell, Appellant**

**v.**

**Jose Rocha III d/b/a Rocha III Contractors, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY, NO. 6279, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This case involves performance on a home construction contract. Catherine Powell sued her builder, Jose Rocha III d/b/a Rocha III Contractors, alleging multiple contract breaches. Rocha counterclaimed, alleging Powell failed to make required payments. The jury found that both parties breached the contract. The jury awarded Powell $15,186 in damages and $5,062 in attorney's fees. The jury found Rocha suffered no damages but awarded him $19,180.63 in attorney's fees. The trial court rendered judgment on the jury's verdict. Powell appeals the portion of the judgment awarding Rocha attorney's fees. We will affirm the judgment.

## DISCUSSION

In her first issue, Powell complains that the trial court erred in awarding Rocha attorney's fees under Civil Practice and Remedies Code section 38.001 when the jury awarded him no damages for her breach. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*,

292 S.W.3d 660, 666 (Tex. 2009) ("To recover fees under [section 38.001], a litigant must do two things: (1) prevail on a breach of contract claim, and (2) recover damages."); *Continental Healthcare, Inc. v. Remedy Therapy Staffing, PLLC*, No. 03-14-00464-CV, 2016 WL 6068258, at *3 (Tex. App.—Austin Oct. 14, 2016, no pet.) (mem. op.) (same); *see also* Tex. Civ. Prac. & Rem. Code § 38.001. In her second issue, she contends that there was no evidence to support the attorney's-fees award because the fees included work performed by paralegals but there was no evidence that the work performed was the type that has "traditionally been done by an attorney." *See Jarvis v. K & E Re One, LLC*, 390 S.W.3d 631, 643 (Tex. App.—Dallas 2012, no pet.) (listing elements that must be shown to recover fees for legal assistant's work).

Rocha responds that Powell has waived both of these complaints by failing to present them to the trial court. *See* Tex. R. App. P. 33.1(a). We agree. To preserve a complaint for appellate review, a party must present to the trial court a timely request, motion, or objection with sufficient specificity as to make the trial court aware of the complaint, unless the specific grounds are apparent from the context. *See id.*; *Goodson v. Castellanos*, 214 S.W.3d 741, 760–61 (Tex. App.—Austin 2007, pet. denied) (holding that party waived complaints about attorney's-fees award when record reflected no motion or objection at trial court). We have found nothing in the record demonstrating that Powell raised these complaints with the trial court by oral objection, motion to disregard the jury's findings, motion for judgment notwithstanding the verdict, motion to modify or reform the verdict, or motion for new trial. Accordingly, she has not preserved her complaints for review on appeal. *See Federal Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012) ("When a party fails to preserve error in the trial court or waives an argument on appeal, an appellate court may not consider the unpreserved or waived issue.").

**CONCLUSION**

We affirm the trial court's judgment.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed: February 27, 2019